IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-248-BO-RN

| | | |
|---|---|---|
| DAWN McPHERSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| *Commissioner of Social Security* | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's complaint, which seeks review of the final decision of the Commissioner of Social Security and entry of judgment in her favor. The appropriate briefs pursuant to the Supplemental Rules for Social Security have been filed, [DE 11, 12], and the matter is ripe for disposition. A hearing was held on the matter before the undersigned on May 29, 2024, at Raleigh, North Carolina. For the following reasons, the decision of the Commissioner is reversed, and the matter is remanded for an award of benefits.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the Commissioner's final decision to deny her application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. On November 2, 2020, plaintiff submitted the appropriate applications, alleging an onset date of August 31, 2018. After initial denials, she proceeded to a telephone hearing before an Administrative Law Judge (ALJ) on May 2, 2022, after which the ALJ issued an unfavorable decision. Plaintiff was 45 years old at her alleged date of onset and 49 years old at the time of the ALJ's decision. On March 6, 2023, this

became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, at step one, the ALJ determined that plaintiff met the insured status requirements through December 31, 2023, and had not engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ found that plaintiff had the following severe impairments: obesity, lumbar spinal stenosis, diabetes mellitus, peripheral neuropathy, essential hypertension, and anxiety and obsessive-compulsive disorder. The ALJ determined that none of these impairments or any combination thereof met or medically equaled the severity of any Listing at step three. At step four, the ALJ made an RFC finding that plaintiff could perform light work with a range of exertional and non-exertional limitations but could not perform her past relevant work as a childcare worker. The ALJ found at step five that based on plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy which plaintiff could perform, such as collator operator, folding machine operator, and microfilm mounter. Accordingly, the ALJ found plaintiff not to be disabled as of the date of his decision.

3

Plaintiff contends that the ALJ erred by failing to perform a full function-by-function evaluation of her abilities to stand, walk, and sit in his RFC assessment. While failure to conduct a function-by-function analysis can amount to harmless error, that is not the case where the functions left unexamined are relevant or contested. *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). Here, plaintiff argues that her impairments and the resulting pain severely limit her ability to sit, stand, or walk for extended periods of time. These functions are both relevant and contested, and failure to conduct a function-by-function analysis was thus not harmless error in this case.

Pain, while subjective, is a factor in determining disability. In evaluating pain as a disabling factor, an ALJ must consider the subjective testimony of an applicant in addition to any objective medical evidence, so long as the record shows a medical impairment from which the reported pain could reasonably result. *See Myers v. Califano*, 611 F.2d 980, 983 (4th Cir. 1980) (holding that the extent to which pain impacts one's ability to function should be considered, even if that impact is not medically provable). In determining the credibility of such testimony, the ALJ must consider the record as a whole; the testimony may not be deemed not credible solely on the basis of "selectively cited evidence." *Hines v. Barnhart*, 453 F.3d 559, 565-66 (4th Cir. 2006). Additionally, if the pain is directly relevant to the determination of disability, the ALJ must perform a function-by-function analysis to determine plaintiff's capacity for the specific functions at issue. *See Dowling v. Comm'r of Soc. Sec.*, 986 F.3d 377, 388-89 (4th Cir. 2021) (finding a function-by-function analysis necessary when a determination of incapacity as to one function was likely to change the overall ALJ conclusion).

It is undisputed that objective evidence documents a condition that could reasonably produce plaintiff's pain. In evaluating a claimant's pain, an ALJ must first determine "whether objective medical evidence presents a 'medically determinable impairment' that could reasonably

4

be expected to produce the claimant's alleged symptoms." *Arakas v. Comm., Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting 20 C.F.R. § 404.1529(b)). Her diagnosed impairments, particularly her sciatica and lumbar radiculitis, have caused concern in her treatment providers. *See* Tr. 516, 517. Her documented reports of pain go back to 2017, when she had trouble performing at work because of her symptoms. *See* Tr. 478. Additionally, the record shows that plaintiff has sought treatment for her pain over the years, including injection therapy; as plaintiff's treating providers did not think that she was a good candidate for surgery to try and eliminate the pain, she continued to be restricted to more conservative treatment. *See* Tr. 497. These repeated and documented attempts to seek relief from her pain provide further support in the record not only that an impairment exists but that attempts to mitigate her symptoms have been unsuccessful.

Due to the clear presence in the record of impairments that could cause the pain she describes, her subjective testimony regarding her pain may be considered. *See Myers*, 611 F.2d at 983; *Arakas*, 983 F.3d at 95. In her testimony, plaintiff shared that her pain manifests in multiple ways. In terms of daily limitations, plaintiff stated that she is unable to lift anything that weighs over 5 pounds. Tr. 51. She also expressed difficulty with walking or doing household tasks, stating that she has to stop often to take breaks as she "can only do so much at a time without spasm or feeling the pain." Tr. 51-52. When walking, her leg also drags frequently, slowing her down significantly. Tr. 52. She also experiences exacerbated pain when sitting in one position, so, at home, she changes positions frequently. Tr. 54, 60-61. Plaintiff also consistently complained of pain during medical visits, and was noted to have difficulty sitting, both dull and shooting pain in her legs, and a limp. *See, e.g.,* Tr. 497, 509, 604.

In his decision, the ALJ acknowledged the presence of an impairment known to cause pain, her subjective testimony, and some objective evidence of limitations displayed in her physical

5

examinations. Tr. 19. However, the ALJ determined that plaintiff's testimony was contradicted by the record, as "she was generally described as being in no acute distress, and her range of motion, and motor strength were generally intact on exam." *Id.* First, whether a claimant has normal range of motion or motor strength is not necessarily relevant to assessing functional limitations caused by pain. *See Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017). Second, because of this rejection of her testimony, the ALJ never performed a function-by-function analysis of how her pain specifically interacted with each of the functions he found her to be capable of. Contrary to the ALJ's conclusion, it does not appear that plaintiff's testimony as to the extent of her pain is inconsistent with the record; thus, a function-by-function analysis should have been performed.

The ALJ's determination that plaintiff's testimony was not credible factored into his RFC finding that she could perform light work, and ultimately his decision that plaintiff was employable. To be found capable of employment, one must be able to perform any relevant work on a "regular and continuing basis," 20 C.F.R. § 404.1545(b), (c), which means "8 hours a day, 5 days a week, or an equivalent work schedule," *Hines*, 453 F.3d at 562 (citing Social Security Regulation (SSR) 96-8p). For an individual to perform "light work," they must be able to frequently lift or carry "objects weighing up to 10 pounds," be comfortable with "a good deal of walking or standing," or else "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Both plaintiff's medical record and her testimony regarding her pain are inconsistent with the ALJ's determination; her pain is so extensive that her abilities to stand, sit, and walk are severely limited, and there is insufficient evidence in the record to support that plaintiff could perform light work on a regular and continuing basis. *See* Tr. 52, 58, 60, 517.

Whether to remand for a new decision or reverse for an award of benefits, however, is within this Court's discretion. *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also*

6

Case 5:23-cv-00248-BO-RN   Document 19   Filed 06/17/24   Page 6 of 7

*Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). Accordingly, courts in the Fourth Circuit "have awarded disability benefits without remand where the record clearly establishes the claimant's entitlement to benefits and another ALJ hearing on remand would serve no useful purpose." *Arakas*, 983 F.3d at 111.

Here, the Vocational Expert (VE) at the ALJ hearing testified that if plaintiff's impairments caused her to be off task (e.g., taking breaks) for at least a quarter of her day, there would be no positions within the national economy that would be suitable for her. Tr. 65. The substantial evidence of plaintiff's pain demonstrates that she would be unable to sit in one position for any extended period of time, routinely walk without breaks, or stand unassisted for periods of the day. Thus, this record does establish the plaintiff's entitlement to benefits and, in this case, another ALJ hearing on remand would serve no useful purpose. Therefore, reversal is appropriate.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the ALJ's decision is not supported by substantial evidence and reversal is appropriate. Accordingly, the decision of the Commissioner is REVERSED, and the matter is remanded for an award of benefits.

SO ORDERED, this __14__ day of June 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE